(No. 00127

IN RE APPLICATION OF CRAIG T. HARDIE

*Opinion filed November 14, 1977.*

PER CURIAM.

This claim, arising out of the death of a fireman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiaries pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereafter, the Act), Ill. Rev. Stat., ch. 48, Sec. 281 *et seq.*, 1975.

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer, and a report by the Illinois Attorney General's Office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the Court on October 12, 1977, the Court finds that:

1. Craig T. Hardie, is the brother of the decedent and is the beneficiary who was designated by him as stated in his application for benefits.

2. The decedent, David Hardie, age 27, was a full-time fireman, of the rank of "firefighter/paramedic," employed by the City of Park Ridge Fire Department and engaged in the active performance of his duties within the meaning of Section 2(e) of the Act, on November 30, 1976.

3. On said date, at approximately 2:30 p.m., during regularly assigned duty hours, Hardie accidentally fell from a ladder while painting the interior of a Park Ridge fire station; the painting had been previously directed by a superior officer. As a result of the fall, Hardie suffered a fractured left leg; he was taken, by ambulance, to a hospital; and, on December 2, 1976, surgery was performed on his leg. He was found dead, in his hospital bed, on the early morning of December 4, approximately 36 hours after his operation. An autopsy was performed, and the immediate cause of death was recited as a "pulmonary thrombo embolism in association with fracture of left femur."

4. Section 2, subparagraph (e) of the Act provides, in relevant part, that " 'killed in the line of duty" means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

5. The pulmonary thrombo embolism, which caused firefighter Hardie's death, resulted from the broken leg accidentally sustained as recited.

6. Firefighter Hardie was killed in the line of duty as defined in Section 2(e) of the Act.

7. The proof submitted in support of this claim satisfies all of the requirements of the Act and the claim is therefore compensable thereunder.

It is hereby ordered that the sum of $20,000.00 be awarded to Craig T. Hardie, as brother and designated beneficiary of the deceased fireman, David Hardie.